Bowes v. City of Galesburg.

---

## MOLLIE BOWES
### v.
## CITY OF GALESBURG.

*Disorderly Conduct—Ordinance—Conflict of Evidence—Practice—Improper Remarks by Attorneys.*

1. In a prosecution under a city ordinance for disorderly conduct, this court declines to interfere with the verdict against the defendant, the evidence being conflicting.

2.   An appellate court will not reverse a judgment when the evidence of the successful party considered by itself, without contravening evidence, is clearly sufficient to sustain the verdict.

3.   A verdict will not be set aside for improper conduct on the part of the attorney for the successful party in making statements outside of the evidence, where it is plain that no harm has resulted therefrom to the appellant.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. C. D. HENDRYX, for appellant.

Mr. FLETCHER CARNEY, for appellee.

UPTON, J.   This was a proceeding commenced before a justice of the peace on complaint of Alice Sharp, charging appellant with a violation of Sec. 21, Chap. 37, of the Revised Ordinances of the city of Galesburg, which provides: " That whoever shall assault, strike or beat another, or by mutual agreement fight another, or disturb the public peace by any violent, tumultuous, offensive or disorderly conduct, or shall be guilty of any acts, language, or conduct calculated to provoke a breach of the peace   *   *   *   shall be subject to a penalty of not less than three dollars," etc.

The appellant was convicted before the justice, and a fine of $3 and costs imposed, from which appellant appealed to the Circuit Court of Knox county, where a trial by jury was had, resulting in a verdict and judgment against the appellant of $50 and costs of suit, from which judgment appellant prosecutes this appeal, alleging that the verdict is clearly against the weight of the evidence; that the city attorney in his argument to the jury on the trial of said cause in the Circuit Court made improper statements not founded upon the evidence in the case, which influenced the jury against the appellant in their verdict, and that the court of its own motion excluded proper evidence from the jury on the trial of said cause.

It appears undisputed that on the 14th day of May A. D. 1887, the time complained of, the appellant and complaining witness were severally engaged in keeping boarding houses and restaurants adjacent to each other, on South Seminary street, in the city of Galesburg, in Knox county, Illinois.

The testimony on the part of the prosecution tends strongly to show that appellant, on that day and place, was guilty of gross misconduct, which was calculated to, and did, greatly disturb the public peace, by violent, tumultuous, offensive and disorderly conduct and language, and did commit an assault upon the person of one Mrs. Birdson, and the complaining witness.

The testimony on the part of the defense tends to rebut that of the prosecution. We have carefully examined the whole evidence in the case and find that it was sharply conflicting and can not be reconciled.

We do not think it would serve any useful purpose to discuss the evidence in detail. It is not of a character to invite discussion. It was peculiarly a case for a jury, in which to judge of the credibility of the witnesses and to give credit where it should appear to be due.

Upon this branch of the case we content ourselves with saying that in our judgment the jury were warranted by the evidence in returning the verdict, and that appellant was guilty of a breach of the peace; the rule being well settled that appellate courts will not reverse the judgment of the trial court when the evidence of the successful party considered by itself, without contravening evidence, is clearly sufficient to sustain the verdict. Shevalier et al. v. Seager et al., 121 Ill. 564, 569.

It is further urged that improper remarks were made to the jury by the city attorney on the trial in the court below, which influenced the jury in their verdict. The language complained of was "that the appellant and complaining witness had quarreled so much and created so much disturbance, that the city authorities were obliged to interfere to stop it."

We do not desire to be understood as giving countenance in any degree to remarks or arguments of attorneys addressed

to the jury on the trial of a cause, outside the evidence in the case. We regard it as quite reprehensible. Yet, sometimes, despite the utmost care on the part of the trial judge, and perhaps, without thought or wrong intent on the part of attorneys, remarks will be made which are entirely outside the evidence, and directly calculated to be, and are, productive of vicious results and improper verdicts. In all such cases, appellate, and trial courts as well, should be prompt in setting aside verdicts so unduly obtained. But it does not follow that in every case of improper conduct or speech of attorneys to a jury, the verdict should be set aside. It is manifestly only in cases where harm results therefrom to the party complaining that the courts will interfere, and this must be determined by the facts and circumstances of each particular case. A less elastic rule would be productive of greater injury than benefit to parties litigant.

We have already said the jury were warranted from the facts in the record in finding the verdict rendered, and we fail to see from the facts and circumstances in the case, how the statement of appellee's attorney in the court below could have been productive of the verdict, in whole or in part. The reflection upon the previous conduct of the appellant, in the remark complained of, bore as heavily on the complaining witness as upon appellant, and in no way pointed out the aggressor, or which was most at fault. On the contrary, the tendency, if any, would be to lessen, rather than increase the verdict palliating appellant's wrongful conduct by the fault of the complaining witness—decreasing deserved punishment for the wrongful act by the provocation asserted.

No objection is made to the instructions of the court, and while the point is made that the court below of its own motion excluded proper evidence from the jury, no evidence is pointed out or shown as having been excluded, and we fail to find any such exclusion of evidence in the record.

We fail to find any error in the verdict of the jury, or the rulings or judgment of the court below, to authorize us to disturb either, and the judgment of the court below must be affirmed.

*Judgment affirmed.*